IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CIPRIANO CARDENAS-URIARTE,

    Petitioner,

v.                                       Civ. 13-568 JAP/GBW

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS & RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody. *Doc. 1.* Having reviewed the pleadings and record before the Court, I recommend that this Court dismiss the Petition.

**I.    BACKGROUND**

Petitioner Cipriano Cardenas-Uriarte was indicted on Mary 26, 2010, on six counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and (C). *Case No. 10-cr-1563-JAP* [hereinafter *"Underlying Case"*], doc. 2. He was arrested on September 20, 2010, and an order of detention issued on September 22, 2010. *Underlying Case, doc. 12.* On June 2, 2011, Petitioner consented to plead before a Magistrate Judge. *Underlying case, doc. 62.* On the same day, Petitioner pled guilty to the six counts set forth in the indictment. *Underlying case, doc. 63.* Five days later,

Petitioner moved to withdraw his plea, to change venue, and to substitute counsel. *Doc. 65.* After a hearing, Petitioner's motion was denied in its entirety on June 10, 2011. *Underlying case, docs. 67, 68.* Petitioner was sentenced on January 17, 2012. *Underlying case, doc. 80.* Petitioner filed a Notice of Appeal on January 18, 2012. *Underlying case, doc. 82.*

In his appeal, Petitioner contended that his failure to take medication for his depression on the day of his plea colloquy necessarily undermined the validity of the plea. *United States v. Cardenas-Uriarte*, 498 F. App'x 843, 845 (10th Cir. 2012). The Court noted that Petitioner had voluntarily declined to take that medicine so that he would be capable of accepting the plea. *Id.* at 846. It further explained that the transcript of Petitioner's plea colloquy in no way indicated that he was impaired when he entered into his plea. *Id.* Finding further that there were no other deficiencies in the plea colloquy, the Court upheld Petitioner's conviction and sentence. *Id.*

Petitioner filed his initial motion under 28 U.S.C. §2255 on June 17, 2013. *Doc. 1.* He further sought, and was granted, permission to file supplemental briefing expanding the basis for his petition. *Docs. 7, 8.* Respondent filed its response on October 28, 2013. *Doc. 14.*

II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner who "claim[s] the right to be released upon the ground that the sentence was imposed in violation of the

2

Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Relief is available under § 2255 only if "the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (internal quotation marks and citation omitted). The court must presume "that the proceedings leading to the conviction were correct"; the burden is on the petitioner to demonstrate otherwise. *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989) (citing *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than would be applied to the pleadings of a represented party. *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991). A court is not required, however, to assume the role of advocate for the *pro se* litigant. *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

### III. ANALYSIS

I construe the Petition and supplemental brief as setting forth three categories of ineffective assistance of counsel claims,[1] which are as follows:

---

[1] On page 11 of Petitioner's supplemental brief, he sets forth a laundry list of nineteen ineffective assistance of counsel claims, each presented as a single conclusory sentence. *Doc. 7* at 11. Even a liberal reading of the Petition and supplemental brief reveals only six grounds for which Petitioner presents

3

1. Failure of counsel to investigate Petitioner's mental background and seek mental evaluation for Petitioner prior to allowing Petitioner to forgo medication when accepting his plea. *Doc. 1* at 5, *doc. 7* at 5, 11.

2. Failure of counsel to properly advise Petitioner in reference to entering a guilty plea[2] by:

    a. Misrepresenting the possible maximum sentence as 60 months when the Petitioner in fact received 120 months. *Doc. 7* at 11, 14, 15, 17, 18, 20, *Underlying case, doc. 80*.

    b. Failing to explain the impact of Petitioner entering into a guilty plea prior to Petitioner entering into his plea. *Doc. 7* at 18.

    c. Coercing Petitioner to plead guilty. *Doc. 7* at 15, 21.

3. Failure of counsel at sentencing by:

    a. Failing to object to the Presentence Report (PSR) in spite of Petitioner's direction to do so. *Doc. 7* at 15, 17, 23, 24.

    b. Failing to object to the length of Petitioner's sentence as "excessive." *Doc. 7* at 20, 23.

---

more than a bare conclusory allegation. I recommend, therefore, that the Court address only the six grounds I have identified.

[2] In his Petition, Petitioner makes multiple references to a "plea agreement." However, there was no plea agreement entered in this case. *Underlying case, doc. 79.* I will therefore construe Petitioner's claims as relating to the entry of the guilty plea itself.

4

Having reviewed the record before the Court, I find Petitioner's claims meritless and recommend that the Petition be denied.

### A.     Ineffective Assistance of Counsel

The Sixth Amendment right to effective counsel extends to the plea process. *Padilla v. Kentucky*, 130 S.Ct. 1473, 1486 (2010).  For a petitioner to succeed on a claim of ineffective assistance, he must demonstrate both that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (applying *Strickland* to the plea process).  Where a petitioner pled guilty in the underlying criminal case, to prevail in his collateral attack, he must show both that his attorney's performance fell outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970), and that defendant was prejudiced because "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  A court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

### B. Petitioner Has Failed to Demonstrate That Counsel was Ineffective

> *i. Counsel was not ineffective in failing to seek a competency evaluation and hearing prior to the plea hearing.*

Petitioner argues that he was deprived of competent counsel when his attorney for the plea hearing, Mr. Edward Bustamante, allowed him to enter into his plea without a competency hearing. *Doc. 1* at 5, *doc. 7* at 5, 11. Respondent counters that this claim is baseless because Petitioner was manifestly competent at the time he entered his plea.

A defendant cannot plead guilty unless he is competent to do so. *Godinez v. Moran*, 509 U.S. 389, 396 (1993). "Competency claims can raise issues of both substantive and procedural due process. A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, while a substantive competency claim is founded on the allegation that a guilty plea was accepted while the defendant [ ] was, in fact, incompetent." *United States v. Perry*, 495 F. App'x 935, 937 (10th Cir. 2012) (internal quotations omitted). Petitioner appears to raise both species of competency claim, arguing both that "[i]n the instant case, no notification or court-ordered evaluation [of competency] had been administered" and that Petitioner "did not act with a competent state of mind" when he entered into his plea. *Doc. 7* at 5.

As the Tenth Circuit has explained, the court must apply different standards of proof for procedural and substantive competency claims. *Allen v. Mullin*, 368 F.3d 1220, 1239 (10th Cir. 2004). To make out a procedural competency claim, a defendant "must

6

raise a bona fide doubt regarding his competency to stand trial . . ." such that "a reasonable judge should have doubted" the defendant's competency. *McGregor v. Gibson*, 248 F.3d 946, 952 (10th Cir. 2001). It does not require proof of actual incompetency. *Id.* In contrast, to prevail on a substantive competency claim, proof of incompetency must be shown by a preponderance of the evidence. *Cooper v. Oklahoma*, 517 U.S. 348, 368–69 (1996).

I will first consider Petitioner's ineffective assistance of counsel claim with regard to procedural competency. Here, on direct appeal, the Tenth Circuit has already determined that Petitioner was competent at the time he made his plea. *Cardenas-Uriarte*, 498 F. App'x at 846. The Court based its decision on the plea colloquy, where the magistrate judge taking Petitioner's plea made the following inquiry into his mental status:

> **THE COURT:** Are you under the care of a doctor today?
>
> **THE DEFENDANT**: Yes.
>
> **THE COURT:** Are you taking medicine?
>
> **THE DEFENDANT:** Yes.
>
> **THE COURT:** What kind of medicine?
>
> **THE DEFENDANT:** Diabetes medication, high blood pressure, high cholesterol, and depression.

>**THE COURT:** All right. Now, do those medicines and the treatment interfere with your ability to understand the case and understand what Mr. Bustamante is telling you about the case?
>
>**THE DEFENDANT:** No, not at all.
>
>**THE COURT:** All right. You feel okay?
>
>**THE DEFENDANT:** I didn't take any medications today because I wanted to make sure that we could take care of this paperwork.
>
>**THE COURT:** All right. So because of that you feel all right, you're clearheaded, and you understand what's going on?
>
>**THE DEFENDANT:** Yes.
>
>**THE COURT:** Are you satisfied with your lawyer?
>
>**THE DEFENDANT:** Yes.
>
>**THE COURT:** And Mr. Bustamante, do you think your client's competent to enter a plea?
>
>**MR. BUSTAMANTE:** He is, Judge.

*Underlying case, doc. 69* 4:29-5:20.  As is obvious from this exchange, there is no basis on which a reasonable person should have been in doubt as to Petitioner's competency. Petitioner was rational and cooperative at his plea hearing, and explained that he had voluntarily gone off his medication specifically so that he could enter into his plea. *Perry*, 495 F. App'x at 937.

In light of the forgoing, Petitioner had no procedural right to a competency evaluation or hearing. As such, his counsel did not fall below the range of competence demanded of criminal defense attorneys by failing to demand one. Consequently, defendant's ineffective assistance of counsel claim, based upon a failure to investigate competency and request a competency hearing, fails on the merits.

Further, Petitioner's substantive competency ineffective assistance of counsel claim also fails. Petitioner has set forth no evidence to demonstrate that he was, in fact, incompetent at the time he entered his plea. *Allen v. Mullin*, 368 F.3d 1220, 1239 (10th Cir. 2004) ("A substantive competency claim . . . requires. . . proof of incompetency by a preponderance of the evidence."). As discussed above, Petitioner actively participated in the plea process. The record shows that Petitioner affirmatively asserted that he understood the proceedings and that he wanted to plead guilty, and after hearing a recitation of the charges against him, did plead guilty. *Underlying case, doc. 69* at 6:21-7:20, 9:8-16, 11:18-12:18. In light of these facts, Petitioner cannot demonstrate that but for his counsel's failure to raise the issue of Petitioner's competency, the outcome of the plea proceeding would have been different. *United States v. Grist*, 299 F. App'x 770, 778-780 (10th Cir. 2008).

> ii.  *Counsel's advice to Petitioner regarding the guilty plea was not ineffective.*

Petitioner also argues that Mr. Bustamante was ineffective in advising Petitioner to enter a guilty plea that ultimately resulted in a sentence of 120 months, which

9

exceeded Petitioner's apparent expectation that he would only receive 60 months. *See, e.g. doc. 7* at 5. He complains that counsel was ineffective in multiple respects: (1) counsel misrepresented the length of the sentence that would result from Petitioner pleading guilty; (2) counsel failed to explain the consequences of the plea to Petitioner prior to Petitioner pleading guilty; and (3) counsel coerced Petitioner into entering his plea.

As to the representations of the length of the sentence, consequences of the plea, and defense counsel's supposed "coercion," each of these arguments is directly contradicted by Petitioner's own statements at the plea colloquy. Petitioner pled guilty at the plea colloquy without a plea agreement in place. *Underlying case, doc. 69* at 6:21-7:20. At that time, the prosecutor explained that Petitioner would potentially be subject to a forty-year prison term. *Id.* at 6:5-11. The court then asked ". . . And you want to proceed today without a plea agreement and face whatever penalty is imposed, is that right?" to which Petitioner responded "Yes." *Id.* at 7:17-20. Petitioner also stated that he was satisfied with the representation he had received. *Id.* at 5:16-17. The court confirmed that counsel had explained the sentencing guidelines to Petitioner. *Id.* at 7:21-8:2. The Court then ensured that Petitioner knew that a Presentence Report would be prepared prior to the decision about the appropriate sentence. *Id*. at 8:3-5. Next, the court explained the consequences of pleading guilty, including the fact that Petitioner was forgoing his right to a trial and that Petitioner would face deportation as a

10

consequence of the plea. *Id.* at 8:8-9:10.   Finally, after a reading of the charges, which Petitioner stated that he understood, Petitioner pled guilty. *Id.* at 10:6-11:23, 12:16-18.

While Petitioner now complains that his counsel misrepresented the length of sentence that could be imposed (*see, e.g. doc. 7* at 15*)*, he was specifically advised at the plea colloquy that his potential sentence could be significantly longer than five years. Petitioner's ex post facto, self-serving statements that he was "misled" by counsel appear to be nothing more than "mere denials of that which he has previously admitted, [and] do[] not raise a substantial issue of fact within the meaning of § 2255. Although an allegation of fact must ordinarily be accepted as true, it is not required where . . . the allegation is contradicted by the files and records before the court." *Runge v. United States*, 427 F.2d 122, 126 (10th Cir. 1970).  It is beyond dispute that, at his plea hearing and prior to entering a guilty plea, Petitioner was advised of the consequences of pleading guilty including that he could receive a term of imprisonment up to 40 years.  Therefore, Petitioner cannot show he was prejudiced by counsel's supposed failure to describe those same consequences.

In regard to Petitioner's claim that he was coerced into pleading guilty, Petitioner alleges that his counsel "demanded" that he accept the plea and advised Petitioner he had "no other option." *Doc. 7* at 15.  But at no point during the plea colloquy, when Petitioner had ample opportunity to raise this issue, did he do so.  Instead, he stated on the record that he was satisfied with his counsel's representation. I see no indication,

11

therefore, that Petitioner's plea was anything other than voluntary. S*ee United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) ("A defendant's statements at a plea hearing should be regarded as conclusive . . . in the absence of a believable, valid reason justifying departure from the apparent truth of those statements." (internal quotation omitted)). Petitioner's ineffective assistance of counsel claim in this regard therefore also fails because Petitioner cannot demonstrate either prejudice or unreasonable conduct on the part of counsel.

      *iii.*     *Counsel was not ineffective at sentencing.*

Petitioner's two remaining claims are also without merit.  As to counsel's supposed failure to object to the PSR, Petitioner provides no detail as to what aspect of the PSR was, in fact, objectionable. It is unclear, therefore, precisely what Petitioner expected Mr. Bustamante to object to or correct. I also note that Mr. Bustamante filed a seven-page sentencing memorandum in which he thoroughly discussed the contents of the PSR and persuasively argued that the PSR indicated that Petitioner should only be sentenced to 60 months. *Underlying case, doc. 77.*  In fact, although Petitioner's PSR calculates a guideline sentencing range of between 151 and 188 months, Petitioner only received a 120-month sentence, suggesting that counsel's arguments were at least somewhat successful.  *See* Ex. A at 22; *underlying case, doc. 79.*  Petitioner's contention that his sentence was excessive is flatly contradicted by the PSR, and Petitioner has presented no evidence to indicate why the PSR is erroneous.  Further, the sentencing

memorandum discussed above indicates that Mr. Bustamante did attempt to persuade the court to assign Petitioner a lower sentence than was recommended.  Petitioner, therefore, has not demonstrated that counsel's alleged failure to object to the PSR or the sentence ultimately given was either unreasonable or prejudicial under *Strickland*.

IV. CONCLUSION

Petitioner has failed to demonstrate that any of the grounds contained in his Motion for Relief Under 28 U.S.C. §2255 have merit.  Consequently, I recommend that the Court DENY Petitioner's Motion (*doc. 1*) and dismiss this case with prejudice.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**